Peter A. Quinn, J.
Plaintiff seeks an injunction pendente lite restraining defendants from taking any action to implement the resolutions of the Board of Elections and the Board of Estimate of the City of New York for the purchase of certain voting machines without public letting. Defendants cross-move for dismissal of the complaint as insufficient.
Assuming, without necessarily so deciding, that the provisions of section 93 (subd. 4) and section 95 of the Election Law do not exempt the purchases of equipment and supplies on behalf of the Election Board of the City of New York, under ordinary circumstances, from the competitive bidding provisions of chapter 13 of the New York City Charter; nevertheless, it is to be noted that in a “ special case ”, the applicable provisions of the charter authorize the Board of Estimate to dispense with the necessity of public letting (New York City Charter, § 343, subd. a). The affidavit of the Acting Mayor and the proceedings before the Board of Estimate submitted on this motion establish that the contemplated purchase of the voting machines here involved is a “ special case ” within the intendment of the cited section, justifying their procurement in the manner adopted by the Board of Estimate.
It satisfactorily appears that the kind of voting machines specified by the Board of Elections was procurable only from one source. Hence it would have been a needless formality and the idlest of gestures for the Board of Estimate to compel letting in these circumstances.
It would be blind exaltation of form above substance and the perversion of reason, in the circumstances here present, to insist that the Board of Estimate’s resolution was illegal because it was not based on a separate, explicit finding by the board that the contract award was a “ special case”. It is enough that there was sufficient evidence before the board to justify such a finding. Significantly, the papers before the court show that the Commissioner of Purchase submitted a request to the Board of Estimate for procurement of the particular voting machines without public bidding; advising them that machines containing the desired features were obtainable only from one manufacturer at that time. This is not disputed. After being advised of such fact, it seems obvious that the Board of Estimate, without saying so in so many words, quite properly treated this purchase as a “ special ease ”. This obviated the need for public letting.
*123 Nothing in the papers before the court warrants the conclusion that in so acting, the Board of Estimate “frustrated the purposes of public letting ’ \ As already noted, such procedure under these circumstances would have been unnecessary observance of mere empty form and would have inevitably resulted in the same company’s obtaining the contract.
Nor can it be seriously urged that the specifications for the type of voting machine selected by the Board of Elections were unreasonable, arbitrary or capricious. It seems clear beyond cavil that the Board of Elections made a careful and intensive bipartisan study of voting machines prior to unanimous agreement on the one ultimately chosen. In the absence of fraud, collusion or illegality, this court may not substitute its judgment for that of the agency responsible by law for making the choice (see Election Law, § 242; Kaskel v. Impellitteri, 306 N. Y. 73, 79; Matter of Kayfield Constr. Corp. v. Morris, 15 A D 2d 373, 379). There is no slightest suggestion, by anyone, of fraud or collusion. The charge of illegality is found to be without basis in law or in fact.
Accordingly, plaintiff’s motion for a temporary injunction is denied and the cross motion to dismiss the complaint is granted.